```
IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF WEST VIRGINIA
```

RICHARD PENKOSKI,
JOHN GUNTER, JR.,
WHITNEY KOHL,
JOAN GRACE HARLEY,
and CHRIS SEVIER,

    Plaintiffs,

v.                   //         CIVIL ACTION NO. 1:18CV10
                                          (Judge Keeley)

JIM JUSTICE, in his official
capacity as Governor of West Virginia
PATRICK MORRISEY, in his official
capacity as Attorney General of West Virginia,
and JEAN BUTCHER, in her official capacity
as the Clerk of Gilmer County,

    Defendants.

**ORDER ADOPTING REPORT AND RECOMMENDATION [DKT. NO. 99] AND DENYING AS MOOT DEFENDANTS' MOTION TO DISMISS [DKT. NO. 52]**

On January 16, 2018, the pro se plaintiffs, Richard Penkoski, John Gunter, Jr., Whitney Kohl, Joan Grace Harley, and Chris Sevier, filed a complaint against defendants Jim Justice, in his official capacity as Governor of West Virginia, Patrick Morrisey, in his official capacity as Attorney General of West Virginia, and Jean Butcher, in her official capacity as the Clerk of Gilmer County, (Dkt. No. 1), citing the Establishment Clause, and alleging violations of the Due Process Clause, the Equal Protection Clause, and 42 U.S.C. § 1983. Id. The plaintiffs seek, among other things, injunctive relief "enjoining the state [of West Virginia] from legally recognizing any parody marriage," including gay marriage. Id. at 43. Pursuant to 28 U.S.C. § 636 and the local rules, the

### ORDER ADOPTING REPORT AND RECOMMENDATION [DKT. NO. 99] AND DENYING AS MOOT DEFENDANTS' MOTION TO DISMISS [DKT. NO. 52]

Court referred any motions in this case to the Honorable Michael J. Aloi, United States Magistrate Judge, for written orders or reports and recommendations (Dkt. No. 13). On February 12, 2018, the defendants moved to dismiss the complaint for lack of subject matter jurisdiction, insufficient service of process, and failure to state a claim (Dkt. No. 52). Shortly thereafter, on March 9, 2018, the plaintiffs amended their complaint as of right (Dkt. No. 62).

A Report and Recommendation ("R&R") entered by Magistrate Judge Aloi recommended that the Court deny the defendants' motion to dismiss (Dkt. No. 99 at 2). The R&R concluded that, in light of the plaintiffs' timely amendment, the defendants' previously filed motion to dismiss has been rendered moot. Id. (citing Young v. City of Mount Ranier, 238 F.3d 567, 572 (4th Cir. 2001) ("[A]n amended pleading ordinarily supersedes the original and renders it of no legal effect.")). The R&R also informed the parties of their right to file "written objections identifying the portions of the Report and Recommendation to which objection is made, and the basis for such objection." Id. It further warned that the failure to do so may result in waiver of the right to appeal. Id. To date, no party has filed any objections to the R&R.[1]

---

[1] Pursuant to the Notice of General Guidelines for Appearing Pro Se in Federal Courts issued to the plaintiffs on January 17, 2018

**PENKOSKI ET AL V. JUSTICE ET AL**                                      1:18CV10

**ORDER ADOPTING REPORT AND RECOMMENDATION [DKT. NO. 99] AND DENYING AS MOOT DEFENDANTS' MOTION TO DISMISS [DKT. NO. 52]**

When reviewing a magistrate judge's R&R, the Court must review de novo only the portions to which an objection has been timely made. 28 U.S.C. § 636(b)(1)(C). On the other hand, "the Court may adopt, without explanation, any of the magistrate judge's recommendations to which the prisoner does not object." Dellacirprete v. Gutierrez, 479 F. Supp. 2d 600, 603-04 (N.D.W. Va. 2007) (citing Camby v. Davis, 718 F.2d 198, 199 (4th Cir. 1983) ). Courts will uphold those portions of a recommendation to which no objection has been made unless they are "clearly erroneous." See Diamond v. Colonial Life & Accident Ins. Co., 416 F.3d 310, 315 (4th Cir. 2005).

Because no party has objected, the Court is under no obligation to conduct a de novo review. Dellacirprete, 479 F. Supp. 2d at 603-04. Consequently, finding no clear error, the Court **ADOPTS** the R&R (Dkt. No. 99) and **DENIES as MOOT** the defendants' motion to dismiss (Dkt. No. 52).

It is so **ORDERED**.

---

(Dkt. No. 10), pro se litigants are responsible for "keep[ing] the Court and opposing counsel, if any, advised of [their] most current address **at all times**. Failure to do so may result in your action being dismissed without prejudice." Id. at 1 (emphasis in original). Despite this explicit directive, copies of the R&R sent via certified mail to pro se plaintiffs Richard Penkoski, Whitney Kohl, John Gunter, Jr., and Joan Grace Harley were returned as undeliverable and "unable to forward." (Dkt. Nos. 100, 101, 102, and 103).

**ORDER ADOPTING REPORT AND RECOMMENDATION [DKT. NO. 99] AND DENYING AS MOOT DEFENDANTS' MOTION TO DISMISS [DKT. NO. 52]**

The Court **DIRECTS** the Clerk to transmit copies of this Order to the pro se parties, certified mail, return receipt requested, and to counsel of record.

Dated: August 27, 2018.

/s/ Irene M. Keeley
IRENE M. KEELEY
UNITED STATES DISTRICT JUDGE